IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS W. HELFRICH | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al. | : | |
| Respondents | : | NO. 10-958 |

## MEMORANDUM

LOWELL A. REED, JR., Sr. J.                                         April 6, 2010

Currently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Dennis Helfrich ("Helfrich"), an individual currently incarcerated in the Fayette State Correctional Institution ("SCI") in LaBelle, Pennsylvania. (Doc. No. 1). For the reasons that follow, the petition will be transferred to the United States District Court for the Middle District of Pennsylvania.

## PROCEDURAL HISTORY:

On May 30, 2007, Helfrich entered a negotiated guilty plea in the Court of Common Pleas of Schuylkill County to one count of delivery of a controlled substance, one count of possession with intent to deliver a controlled substance, and one count of recklessly endangering another person.[1] See Opinion Pursuant to PA R.A.P. 1925, at 1 (Court of Common Pleas of Schuylkill County, March 11, 2009) (Stine, J.) (hereinafter "March 11, 2009 Opinion"). He was sentenced to 3 to 8 years of imprisonment. Id.

---

[1] A charge of drug delivery resulting in death was nol prossed at Helfrich's guilty plea hearing.

Helfrich did not file a direct appeal. See March 11, 2009 Opinion, at 2. On March 26, 2008, Helfrich filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Id. Counsel was appointed and subsequently filed an amended petition. Id. On December 11, 2008, the PCRA court granted, in part, Helfrich's request for relief after finding that Helfrich's sentence for reckless endangerment exceeded the permissible maximum sentence. Id. at 3-5. Helfrich's sentence was reduced to 3 to 7 years of imprisonment. Id. It appears that Helfrich appealed the decision of the PCRA court to the Superior Court; however, his file does not indicate any subsequent history. Id.

On March 3, 2010,[2] Helfrich filed the instant pro se petition for a federal writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania alleging constitutional errors stemming from his arrest, pretrial process and guilty plea proceedings.

## DISCUSSION:

A petitioner may file a habeas corpus petition in the district where he is in custody

---

[2] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). However, Helfrich did not date the instant petition when he signed it. Because I cannot determine the date on which Helfrich presented his petition to prison authorities, I will designate the date the petition was filed by the Clerk of Court, March 3, 2010, as the official filing date.

or in the district in which he was convicted.[3] 28 U.S.C. § 2241(d). In this case, Helfrich was convicted in Schuylkill County which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Helfrich is currently incarcerated in Fayette County which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. 28 U.S.C. § 118(c). Accordingly, the Middle and Western Districts of Pennsylvania have concurrent jurisdiction to entertain Helfrich's habeas petition, while this court does not have jurisdiction. 28 U.S.C. § 2241(d).

Notwithstanding, this court has discretion, in the interests of justice, to transfer this case to the proper district, rather than dismissing it outright. See 28 U.S. C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); see also In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (noting that § 1404(a) applies to transfers of habeas corpus petitions). Because the petitioner in this

---

[3] 28 U.S.C. § 2241(d) states:
Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two [2] or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

case is proceeding pro se and because unnecessary delay would be caused by the dismissal of the petition for lack of jurisdiction, the petition will be transferred rather than dismissed.

As the Middle and Western Districts of Pennsylvania have concurrent jurisdiction over this petition, the court must decide to which district to transfer this action. Helfrich's petition indicates that he is challenging his custody based on alleged errors in his conviction in the Court of Common Pleas of Schuylkill County in the Middle District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses and counsel are located within the Middle District of Pennsylvania. Accordingly, this action shall be transferred to the Middle District of Pennsylvania as the most appropriate forum to entertain Helfrich's petition. See In re Nwanze, 242 F.3d at 526 n.2 (transfer of a habeas proceeding to the district of sentencing would be "in furtherance of the convenience of the parties and witnesses").